On waiver by purchaser as to time of furnishing abstract of title, see note in 43 L. R. A. (N. S.) 48.

On waiver of purchaser's right to rescind contract for purchase of real property by acceptance of deed with knowledge of defect in title, see note in 30 L. R. A. (N. S.) 879.

ROCKWELL, Respondent, v. INDEPENDENT SCHOOL DIS-
TRICT et al, Appellants.

(202 N. W. 478.)

(File No. 5855.   Opinion filed February 27, 1925.)

1.  **Schools and School Districts—Indian Lands—Residence on Indian Lands Held Not of Itself to Entitle to Admission to High School, Under Statute.**

    Residence of parents, in employ of federal government on Indian school lands, held not of itself to constitute them residents of state or school district so as to entitled children to admission to high schools, under Rev. Code 1919, Sec. 7517, as amended by Laws 1921, c. 214.

2.  **Schools and School Districts—Indian Lands—Residents on Indian School Lands in Federal Employ, Held Not to Lose Former Residence Thereby, or Acquire New.**

    Residents on Indian school lands, in federal employ, held not to lose their former residence thereby, or acquire new.

3.  **School and School Districts—Mandamus—Judgment in Mandamus Proceedings Requiring Admission to High School Not Sustained by Record.**

    Judgment in mandamus proceedings, requiring admission to high school of daughter of federal government employees, residing on Indian school lands within state; was not sustained, in absence of showing that they had been residents of state before moving to Indian lands, and had not lost such residence.

Appeal from Circuit Court, Pennington County; Hon. Wal-
ter G. Miser, Judge.

Mandamus proceedings by Mary Elda Rockwell, an infant, by Marshall J. Rockwell, her guardian ad litem, against the Independent School District of Rapid City and another to compel her admission to Rapid City High School. From a judgment for plaintiff defendants appeal.   Reversed and remanded.

*Schrader & Lewis;* of Rapid City for Appellants.

*H. F. Fellows,* of Rapid City, for Respondent.

Appellants cited: Storey Constitutional Law, Sec. 1227; Commonwealth v. Clary, 8 Mass. 72; Mitchell v. Tibbitts, 17 Pick. (Mass.) 298; Sinks v. Reese, 19 Ohio State 306; Ft. Leavenworth R. R. Co. v. Lowe, 114 U. S. 525, 29 L. ed. 264; Sharron v. Hill, 24 Fed. 726; McMahon v. Polk, 10 S. Dak. 296; School Dist. No. 20 v. Steele, 115 N. W. 448; Lehew v. Brummel, 103 Mo. 546. 23 A. S. R. 895; Wood v. Flock, 48 Cal. 36; 6 R. C. L. Sec. 276; State v. Burkhart, (S. D.) 183 N. W. 870; Engstadt v. Grand Forks Co., (N. D.) 84 N. W. 577; State v. Packhard, 35 N. D. 298; Cooley Const. Lim. 7th Ed. 119; 12 C. J. 730, 733, 739; Atchison R. R. Co. v. Denver, 110 U. S. 667, 28 L. ed. 291; 85 Pac. 744; State v. Helena, 24 Mont. 67.

Respondent cited: Note, 36 L. R. A. (N. S.) 341; R. R. Co. v. McGlinn, 114 U. S. 542; Yale v. School District, 59 Conn. 489, 13 L. R. A. 161.

GATES, J. This is a sequel to School District No. 20 v. Steele, 46 S. D. 589, 195 N. W. 448. In that case we held that the federal Indian school lands near Rapid City, while within the territorial boundaries of school district 20, were not a part of said district because jurisdiction over said lands had been ceded by this state to the federal government. It followed that the employees of the Indian school residing therein were not residents of school district 20, and therefore that school district 20 was not liable for the payment of the tuition of children of said employees in the Rapid City high school.

One of said children, possessing a common school diploma issued by the county superintendent of schools of Shannon county, applied for admission to the Rapid City high school, which was refused. This proceeding in mandamus was instituted to compel such admission, resulting in a peremptory writ requiring it. The independent school district of Rapid City and its superintendent appeal from the judgment and from an order denying new trial.

[1] The portion of section 7517, Rev. Code 1919, as amended by chapter 214, Laws 1921, necessary to an understanding of the matter before us, is as follows:

"Any pupil who shall successfully complete the work of the eighth grade as established in the state course of study, and who holds a common school diploma granted by the county superin-

tendent, or other eighth grade diploma indorsed by him, is priv-
ileged to continue his school work up to and including the twelfth
grade by attending any public high school or state educational
institution of this state, or adjoining state, furnishing a higher
course of study than that offered by his home district without pay-
ment of any tuition except for laboratory fees or for individual
instruction outside of regular school hours. Provided, that the
school district or state educational institution in which such pupil
is enrolled as a high school student, shall be compensated by the
school board of his home district for such instruction as herein-
after provided."

Manifestly, the above legislation relates only to children of
residents of South Dakota. It follows therefore that if the par-
ents are residents of this state, the plaintiff is entitled to attend
the high school of appellant district provided her home district
pays the tuition.

Residence upon this ceded Indian school land does not of
itself constitute the parents residents of school district 20, nor of
Pennington county, nor of the state of South Dakota. School
District v. Steele, supra; 20 C. J. 74.

[2]    But, as is stated in 20 C. J. 73:

"Persons employed in the service of the United States gov-
ernment neither acquire a residence for the purpose of voting in
the election districts in which they may be stationed nor lose their
political domiciles in the places from whence they came."

Therefore the mere removal of the parents of plaintiff from
some other place in this state to the federal land in question for
the purpose of engaging in the public service would not cause such
parents to lose their residence at the former place of residence in
this state and, if not otherwise lost, such former residence would
continue. Of course, if the parents came to reside on this federal
land from another state. they have not acquired residence and
citizenship in this state.

[3]    Because of the fact that it was not shown that the par-
ents of plaintiff were residents of this state at the time of their
removal to this federal land for the purpose of engaging in the
public service, and because of the fact that. if the above were
shown, it was not shown that the parents had not otherwise lost

their previous residence within this state, the record does not contain sufficient facts to sustain the judgment.

The judgment is reversed, and the cause is remanded for a new trial. No costs will be taxed in this court.

McNENNY, Circuit Judge, sitting in place of ANDERSON, J., disqualified.